IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA    )
    )
    v.    )   CR. NO. 3:07-cr-74-WKW
    )
TERRY JAMES TAYLOR    )

### PLEA AGREEMENT

DEFENSE COUNSEL:    CHRISTINE FREEMAN

ASSISTANT U.S. ATTORNEY:    MATTHEW W. SHEPHERD

### COUNT AND STATUTE CHARGED:

Count 1    18 U.S.C. § 922(g)(1)
    Felon In Possession Of A Firearm

### COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1    18 U.S.C. § 922(g)(1)

### PENALTIES BY COUNT – MAXIMUM PENALTY:

Count 1    18 U.S.C. § 922(g)(1)
    NMT 10Y or if previously convicted of three
    violent felonies or serious drug offenses, then
    NLT 15Y and NMT life, or
    NMT $250,000 or both;
    NMT 3Y SUP REL, or NMT 5Y SUP REL if Armed Career
    Criminal;
    $100 AF;
    VWPA.

### ELEMENTS OF THE OFFENSE:

18 U.S.C. § 922(g)(1)

First:    The defendant knowingly possessed a firearm or
    ammunition in or affecting interstate commerce, as
    charged; and

Second:    Before the defendant possessed the firearm or
    ammunition, the defendant had been convicted in a
    court of a crime punishable by imprisonment for a

term in excess of one year, that is, a felony offense.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Matthew W. Shepherd, Assistant United States Attorney and Christine Freeman, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties.  The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial.  If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

### GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offense charged in Count 1 of the Indictment, the attorney for the Government will do the following:

a.  The Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a)

for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct.  Should the Government find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

b.    The government agrees, with the defendant, to a sentence of imprisonment at the bottom end of the sentencing guideline range as determined by the Court. The government and defendant agree that this is a reasonable sentence.

2.    If the defendant completes the defendant's obligations contained within the Cooperation Agreement as set forth herein, the Government will move at sentencing for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. §3553(e) to reflect the defendant's substantial assistance.  If that were to be the case, then the Government will recommend that the defendant's

3

sentence be reduced by up to, but no more than 48 months imprisonment. Determination of whether the defendant has met the defendant's obligations contained in the Cooperation Agreement to qualify for a reduction pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) is at the sole discretion of the United States. If the defendant does not complete his obligations under the Cooperation Agreement until after sentencing, the government agrees to move for the appropriate reduction in the defendant's sentence pursuant to Federal Rule of Criminal Procedure Rule 35(b).

3. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offense and the defendant's background.

## DEFENDANT'S PROVISIONS

4. The defendant agrees to the following:

    a.    To plead guilty to Count 1 of the Indictment.

    b.    To forfeit all firearms in his possession.

    c.    Not commit any State, local or federal offenses.

    d.    To comply with all provisions of the Cooperation Agreement set forth below.

    e.    The defendant is not prohibited from making any additional argument at sentencing that is not inconsistent with the terms of this agreement, including arguing to the Court, on any other basis, for a greater downward departure than the government recommends in its motion for a downward

4

departure pursuant to U.S.S.G. §5K1.1 and 18
U.S.C. §3553(e).

## COOPERATION AGREEMENT

5.    The Defendant agrees to make a good faith effort to
assist the United States, the State of Alabama, the State of
Georgia, and any other state or local law enforcement agency in
the investigation and prosecution of other persons involved in
the illegal possession, manufacture or distribution of controlled
substances or firearms; or any other illegal activity of which
the Defendant has personal knowledge, subject to the following
terms:

a.    The Defendant agrees to make himself available for
the review of documents and other materials and for interviews by
law enforcement officers and attorneys for the United States, the
State of Alabama, and any other state or local law enforcement
agency, upon reasonable request and to fully and truthfully
respond to all questions asked of him regarding all violations of
state or federal criminal law of which he has knowledge.    The
defendant further agrees to provide a written, sworn statement or
affidavit upon request.  He agrees to fully and truthfully
disclose to the United States everything he knows about any and
all documents and materials in his possession that relate to
violations of federal firearms statutes and any other criminal
violations in the Middle District of Alabama and elsewhere.  Upon

5

request, the Defendant agrees to testify truthfully against any and all persons as to whom he may have knowledge before a federal or state grand jury and at trial in federal or state court.

      b.   The Defendant understands that this agreement does not require him to implicate any other particular individual or individuals nor to "make a case," rather it requires him to testify truthfully whenever called upon.

      c.   Provided that the Defendant satisfies the terms of this plea agreement, any information that he truthfully discloses to the United States during the course of his cooperation, concerning related offenses, will not be used against him, directly or indirectly.  The Defendant understands that this agreement does not bar his prosecution for capital felonies, perjury, false statements, and obstruction of justice.

      d.   If the Defendant has failed or should fail in any way to fulfill completely his obligations under this agreement, then the United States will be released from its commitment to honor all of its obligations to him.  Thus, if at any time he should knowingly and willfully withhold evidence from the United States, Alabama, or other state or local law enforcement agency investigators or attorneys prior to or during his testimony before grand juries or in trials, or commits any state or federal offense, then the United States will be free to: (1)  prosecute him for perjury, false declaration, false statement, and/or

obstruction of justice (18 U.S.C. Section 1621, 1623, 1001, 1503); (2) to prosecute him for all violations of federal criminal law which he has committed; (3)  to use against him in all of those prosecutions and sentencings the documents that he has himself disclosed or furnished to the United States during the course of his cooperation;  (4)  to recommend a maximum sentence; and (5) to seek forfeiture of any and all forfeitable properties of the Defendant.

## FACTUAL BASIS

6.  On or about September 13, 2006, in Randolph County, within the Middle District of Alabama, TERRY JAMES TAYLOR, defendant herein, having been convicted of the following felony offenses, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1.) on or about July 7, 1997, Robbery in the First Degree, (Case # CC 95-006141), in the Circuit Court of Jefferson County, Alabama;

2.) on or about July 8, 1997, Burglary in the Third Degree, (Case # CC 96-005379), in the Circuit Court of Jefferson County, Alabama;

3.) on or about October 30, 1987, Burglary in the Third Degree, (Case # CC 87-002145), in the Circuit Court of Jefferson County, Alabama;

4.) on or about December 17, 1987, Burglary in the Second Degree, (Case # CC 85-001363), in the Circuit Court of Jefferson County, Alabama;

did knowingly possess in and affecting commerce firearms,to-wit:

1.) a Mossberg, Model 702, .22 caliber rifle;

2.) a Heritage, Rough Rider, .22 caliber revolver;

3.) a Ruger, Super Red Hawk, .44 Magnum revolver;

4.) a Jennings Bryco, Model T-380, .380 caliber pistol;

in violation of Title 18, United States Code, Section 922(g)(1).

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

7.   Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence.  Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding, except on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

8.   The government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings.  Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

9.   The defendant, before entering a plea of guilty to
Count 1 of the Indictment as provided for herein by said Plea
Agreement, advises the Court that:

a.   The discussions between the attorney for the
government and the attorney for the defendant towards reaching an
agreed plea in this case have taken place with the defendant's
authorization and consent.

b. Defendant acknowledges that a breach of this federal
plea agreement will not entitle him to withdraw his guilty plea
in this case.  Defendant understands and acknowledges that
defendant's guilty plea will remain in full force and effect upon
any breach of this agreement by the defendant.

c.   The defendant further understands that, pursuant to
18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by
the defendant on the date of sentencing.  The defendant will make
an honest, good faith effort to pay said fee as directed by the
Financial Litigation Section of the United States Attorney's
Office.  The defendant further understands that by completing the
financial statement, the defendant is representing that it is
true and accurate to the best of the defendant's information,
knowledge, and belief.

d.   The defendant understands that the defendant has a
right to be represented by an attorney at every stage of the

9

proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

e.   The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

f.   The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g.   The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or

10

threats or of any promises apart from the aforesaid Plea
Agreement.   The defendant further advises the Court that the Plea
Agreement set forth herein is the result of prior discussions
between the attorney for the government and the attorney for the
defendant, all conducted with the defendant's authorization,
knowledge, and consent.

          h.   The defendant further advises the Court that the
defendant's understanding of this Plea Agreement is as set forth
in this document.

          i.   The defendant further advises the Court that it is
understood that the government can only make a recommendation
which is not binding on the Court.

          j.   The defendant further advises the Court that the
defendant understands and has been advised that evidence of a
plea of guilty, later withdrawn or an offer to plead guilty to
the crime charged in the Indictment herein, or of statements made
in connection with and relevant to said plea or offer to plead,
shall not be admissible in any civil or criminal proceedings
against the defendant.  However, the defendant does understand
that evidence of a statement made in connection with and relevant
to a plea of guilty, later withdrawn, or an offer to plead guilty
to the crimes charged in the Indictment herein, is admissible in
a criminal proceeding for perjury or false statement when the

11

statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k.   The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

10.   The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended.   The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind.   Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such

12

questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

11.  The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court.  The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history.  The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney.  In the event that the Court determines the defendant's offense level or criminal history category is higher than the defendant anticipated, the defendant will not have the right to withdraw the plea on that basis.

12.  The defendant understands that the United States Sentencing Guidelines are advisory upon the Court and that the Court must consider the factors contained in 18 U.S.C. § 3553(a). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendants; (2)the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to

13

criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the kinds of sentences available; (4) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

This __30th__ day of October, 2007.


Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY



_____
Louis V. Franklin, Sr.
Criminal Chief

_____
Matthew W. Shepherd
Assistant United States Attorney
131 Clayton St.
Montgomery, Alabama 36104


14

I have read the foregoing Plea Agreement, including the
Cooperation Agreement, understand the same, and the matters and
facts set forth therein accurately and correctly state the
representations that have been made to me and accurately set
forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR
UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS"
PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT
I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY
DEFENSE COUNSEL, CHRISTINE FREEMAN.

TERRY JAMES TAYLOR/DEFENDANT

10-30-07
Date

CHRISTINE FREEMAN
Attorney for the Defendant

10/30/07
Date

15